DECISION.
{¶ 1} Petitioner-appellant James Waire challenges on appeal the judgment of the Hamilton County Common Pleas Court denying his application for DNA testing. We affirm the judgment of the court below.
 {¶ 2} Waire was convicted in 1997 of involuntary manslaughter in connection with the stabbing death of Alan Lynch. We affirmed Waire's conviction, see State v. Waire (Aug. 20, 1999), 1st Dist. No. C-990131, and he took no further appeal.
 {¶ 3} In December of 2003, Waire filed an application pursuant to R.C. 2953.71 et seq. requesting DNA testing of blood on a knife that had been found in his possession and admitted into evidence at his trial. The common pleas court denied the application, and this appeal ensued.[1]
 {¶ 4} A prison inmate who has been convicted of a felony and who has at least a year remaining on his prison term may file a postconviction application for DNA testing of biological evidence upon which no DNA test, or an inconclusive DNA test, has been conducted. See R.C. 2953.71(F),2953.72(A) and (C), 2953.73(A), and 2953.74(A) and (B). The common pleas court may "accept" the application only if the DNA-testing results are "exclusi[ve]" and the court determines that the results are "outcome determinative." See R.C. 2953.74(B) and (C)(4). DNA-testing results are "exclusi[ve]" if they "scientifically preclude or foreclose the * * * inmate as a contributor of biological material recovered from the crime scene or victim." R.C. 2953.71(G). "[E]xclusive" results are "outcome determinative" if, "had [they] been presented at the [inmate's] trial * * * and been found relevant and admissible * * *, no reasonable factfinder would have found the inmate guilty of [the] offense." R.C. 2953.71(L).
 {¶ 5} In his application for DNA testing of the knife found in his possession, Waire essentially argued that DNA-testing results would be both exclusive and outcome-determinative. The results, he asserted, "would prove that [he] did not kill [the victim,] Alan Lynch," because they would show that "the blood on the knife * * * was not that of [Lynch]."
 {¶ 6} But to be "exclusi[ve]" for purposes of R.C. 2953.71 et seq., the DNA-testing results must "scientifically preclude or foreclose the* * * inmate as [the] contributor of biological material recovered from the crime scene or victim." Waire sought DNA testing to preclude thevictim as the contributor of the blood found on the knife. Thus, the postconviction procedure provided in R.C. 2953.71 et seq. for obtaining DNA testing could not afford Waire the remedy that he sought.
 {¶ 7} We, therefore, hold that the common pleas court properly rejected Waire's application for DNA testing. Accordingly, we affirm the judgment of the court below.
Judgment affirmed.
Gorman, P.J., Sundermann and Hendon, JJ.
[1] By entry dated December, 22, 2004, we granted Waire leave to appeal from the January 8, 2004, judgment denying his application.